# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| In re:<br>    Michael Pare<br><br>    Debtor | Chapter 7<br><br>Case No. 18-30240-EDK |
| David W. Ostrander, Chapter 7 Trustee,<br>Plaintiff<br>    vs.<br>U.S. Bank, N.A., as trustee for the<br>RMAC Trust, Series 2016-CTT<br>Defendant | Adversary Proceeding No. |

## COMPLAINT

This is an adversary proceeding filed a) to avoid a transfer to the Defendant, U.S. Bank, N.A., as trustee for the RMAC Trust, Series 2016-CTT, of the real property located at 797 White Street, Hampden County, Springfield, Massachusetts (the "Property"); b) to preserve the Property for the Bankruptcy Estate; and c) in the alternative, to enter judgment against the Defendant in the amount of one hundred forty thousand dollars ($140,000).

## JURISDICTION AND VENUE

1. This adversary proceeding arises in the Chapter 7 bankruptcy case of Michael Pare (hereafter the "Debtor"), pending in the U.S. Bankruptcy Court for the District Of Massachusetts, Western Division (Springfield).

2. The Court has jurisdiction over the matters set forth herein pursuant to 28 U.S.C. §1334.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

4. The Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

## PARTIES

5. The Plaintiff, David W. Ostrander, is the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") in bankruptcy of the Debtor.

6. The Defendant, U.S. Bank, N.A. as trustee for the RMAC Trust, Series 2016-CTT (hereafter "U.S. Bank" or "Defendant"), has, upon information and belief, a business and mailing address of 7515 Irvine Center Drive, Irvine, CA 92618.

## FACTS

7. By a Quitclaim Deed dated December 23, 2010, recorded the same day in the Hampden County Registry of Deeds in Book 18604, Page 328, the Debtor solely purchased the Property for the stated consideration of $140,000.

8. The Debtor granted a mortgage, dated December 23, 2010, encumbering the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for the lender, MetLife Home Loans, a Division of MetLife Bank, N.A., in the amount of $138,139 (the "Mortgage").

9. The Mortgage was recorded on December 23, 2010, in the Hampden County Registry of Deeds in Book 18604, Page 330.

10. The Mortgage was subsequently assigned to U.S. Bank by an Assignment Of Mortgage dated August 13, 2017, recorded at the Hampden County Registry of Deeds on September 15, 2017, in Book 21858, Page 7.

11. Upon information and belief, the Debtor defaulted on the Mortgage obligations.

12. An Order Of Notice, dated August 23, 2016, was issued by the Commonwealth of Massachusetts Land Court Department of the Trial Court was recorded by or on behalf of JPMorgan Chase Bank, National Association, the predecessor-in-interest of U.S. Bank, on September 20, 2016, in the Hampden County Registry of Deeds in Book 21364, Page 541, referencing the Mortgage.

13. On January 2, 2018, U.S. Bank conducted a foreclosure sale of the Property.

14. U.S. Bank purchased the Property at the foreclosure sale for the price of $140,000 pursuant to the Massachusetts Foreclosure Deed By Corporation dated March 6, 2018, but recorded at the Hampden County Registry of Deeds on May 16, 2018, in Book 22174, Book 517.

15. Upon information and belief, a Memorandum Of Foreclosure Sale was executed on or about February 2, 2018.

16. The Debtor filed a Chapter 7 Voluntary Petition on March 31, 2018 (the "Petition Date").

## **COUNT 1**

## **AVOIDANCE OF TRANSFER: 11 U.S.C. §544**

17. The Plaintiff repeats and realleges the statements and allegations contained in Paragraphs 1 through 16 of this Complaint and incorporates same herein by reference.

18. Under applicable Massachusetts law, the execution of the Memorandum Of Foreclosure Sale extinguished the Debtor's legal title, equitable title, and equity of redemption in the Property.

19. Upon the execution of the Memorandum Of Foreclosure Sale, the Defendant held sole legal and equitable title to the Property and the Mortgage was extinguished.

20. The Defendant did not record any documents in the Hampden County Registry of Deeds to evidence the transfer of title to the Property to the Defendant prior to the Petition Date.

21. To perfect title in itself, the Defendant should have recorded a "deed and affidavit of sale showing compliance with statutory foreclosure requirements..." prior to the Petition Date.  *Serra v. Quantum Servicing Corp.,* 2012 U.S. Dist. LEXIS 114802 (D. Mass. August. 15, 2012), *quoting Bank of N.Y. v. Bailey*, 460 Mass. 327, 951 N.E. 2d 331, 336-337 (2011).

22. Pursuant to 11 U.S.C. §544(a), the Trustee may avoid a transfer of an interest in real property of the Debtor to the extent a bona fide purchaser of the Property may avoid the transfer.

23. Pursuant to Massachusetts General Law Chapter 183, §4, a transfer of an interest in real estate is not effective against subsequent purchasers without

24. notice unless the instrument effecting the transfer has been recorded in the appropriate registry of deeds.

24. As the documents by which the Defendant claims to have acquired title to the Property, *e.g.*, the Memorandum Of Foreclosure Sale, the Massachusetts Foreclosure Deed By Corporation, or other document, was not recorded prior to the Petition Date, the transfer of title to the Defendant is not valid against the Trustee as a bona fide purchaser without actual notice.

25. As a result, the transfer of the Property to the Defendant may be avoided pursuant to 11 U.S.C. §544 free and clear of the Mortgage.

## COUNT 2

## LIABILITY FOR AVOIDED TRANSFER: 11 U.S.C. §550(a)(1)

26. The Plaintiff repeats and realleges the statements and allegations contained in Paragraphs 1 through 25 of this Complaint and incorporates same herein by reference.

27. Pursuant to 11 U.S.C. §550, the Plaintiff may recover the property transferred or the value of the property transferred from the Defendant.

## COUNT 3

## AUTOMATIC PRESERVATION OF AVOIDED TRANSFER: 11 U.S.C. §551

28. The Plaintiff repeats and realleges the statements and allegations contained in Paragraphs 1 through 27 of this Complaint and incorporates same herein by reference.

29. Pursuant to 11 U.S.C. §551, any transfer avoided under 11 U.S.C. §544 is preserved for the benefit of the Bankruptcy Estate.

30. The Property is automatically preserved for the benefit of the Bankruptcy Estate.

**WHEREFORE,** the Plaintiff requests that the Court grant the following relief:

1. enter judgment in favor of the Plaintiff against the Defendant, avoiding the transfer of the Property to the Defendant and preserving the Property for the benefit of the Bankruptcy Estate, free and clear of the Mortgage;

2. in the alternative, enter judgment in favor of the Plaintiff against the Defendant for the value of the Property transferred; and

3. granting such further relief as this Court deems just and proper.

Dated: July 5, 2018

        David W. Ostrander, Trustee

By: /s/ David W. Ostrander
David W. Ostrander, Esq., BBO#554004
Ostrander Law Office
36 Service Center Road, P.O. Box 1237
Northampton, MA 01061-1237
T: (413) 585-9300  F: (413) 585-9490
E: david@ostranderlaw.com